**BOBBY M, et al., Plaintiffs,**

**v.**

**Lawton CHILES, et al., Defendants.**

**No. TCA 83–7003–MMP.**

United States District Court,
N.D. Florida,
Tallahassee Division.

Oct. 29, 1995.

Alexa Freeman, National Prison Project, Washington, DC, Pro Hac Vice, Michael J. Dale, Nova University Law Center, Ft. Lauderdale, FL, Pro Hac Vice, Carole Shauffer, Youth Law Center, San Francisco, CA, Pro Hac Vice, Laurene Heybach, Legal Assistant Foundation, Chicago, IL, Pro Hac Vice, Alice K. Nelson, Albert J. Hadeed, Jodi Siegel, Southern Legal Counsel, Gainesville, FL, for Bobby M, Charles W, Susan S, David Mack.

Joseph M. Freeman, Elarbee, Thompson & Trapnell, Atlanta, GA, Pro Hac Vice, Michael J. Dale, Nova University Law Center, Ft. Lauderdale, FL, Pro Hac Vice, Carole Shauffer, Youth Law Center, San Francisco, CA, Pro Hac Vice, Laurene Heybach, Legal Assistant Foundation, Chicago, IL, Pro Hac Vice, Alice K. Nelson, Albert J. Hadeed, Jodi Siegel, Southern Legal Counsel, Gainesville, FL, for Salvadore S.

Charles S. Ruberg, Florida Board of Education, Office of the General Counsel, Tallahassee, FL, Charles Alan Finkel, State of Florida Department of HRS, Tallahassee, FL, Paul DeMuro, Monitor, Paul DeMuro,

P.A., Montclair, NJ, E. Jason Vail, Kimberly J. Tucker, Attorney General's Office, Department of HRS, Tallahassee, FL, Janet E. Ferris, Florida Department of Juvenile Justice, Office of General Counsel, Tallahassee, FL, for Lawton Chiles.

Charles S. Ruberg, Florida Board of Education, Office of the General Counsel, Tallahassee, FL, Charles Alan Finkel, State of Florida Department of HRS, Tallahassee, FL, for Betty Castor, William Schossler, Wesley Brazell.

Howard M. Talenfeld, Colodny, Gass & Talenfeld, Ft. Lauderdale, FL, Pro Hac Vice, Charles S. Ruberg, Florida Board of Education, Office of the General Counsel, Tallahassee, FL, Charles Alan Finkel, State of Florida Department of HRS, Tallahassee, FL, for James Towey, Roy McKay.

### ORDER TERMINATING CONSENT DECREE AS TO THE DOZIER FACILITY

PAUL, Chief Judge.

■ This cause is before the Court on Defendants' Motion to Terminate the Consent Decree as to Dozier Training School and for Dismissal with Prejudice (doc. 535). Plaintiffs' filed a response thereto (doc. 537). For the reasons stated below, the motion is GRANTED.

### BACKGROUND:

This case has been lingering before this Court for more than a decade. It began in 1983 when a class action was filed alleging scores of unconstitutional practices—including severe overcrowding and vicious punitive practices such as hogtying—in Florida's juvenile training school facilities. Twelve years later, all parties agree that conditions have improved immensely in the training schools.

In fact, everyone agrees that the Arthur G. Dozier Training School ("Dozier"), the subject of the present motion, is in full and complete compliance with those standards which are prescribed by the Constitution of the United States and all relevant federal law.

The original complaint in this matter was settled in 1987 when the parties voluntarily entered into a binding consent decree. Since that year, it has been the duty of this Court to monitor and oversee the physical conditions and penological practices of the State of Florida at Dozier and the Eckerd Youth Development Center ("Eckerd"). With this order, the Court takes its first major step towards divesting itself of its supervisory role over the State of Florida's juvenile justice system.

In the course of this consent decree litigation, the parties provided that the decretal requirements would remain in force until that time when the facilities attained "substantial compliance" with the decree and its various provisions. Plaintiffs are in accord with the state's position that substantial compliance has in fact been attained at Dozier.[1] Accordingly, the time is finally here for this Court to withdraw its supervision and control over Dozier.

### ANALYSIS:

The exit criteria stipulation ("ECS") adopted by the parties to this litigation provides for termination of the consent decree and dismissal with prejudice upon a finding by this Court that substantial compliance has been reached. Because the parties have all represented to the Court that substantial compliance has been achieved at Dozier, the Court asserts that it is empowered to terminate the consent decree as to Dozier, thereby dismissing Dozier from the explicit strictures and obligations laid out therein.[2] With this

---

[1.] No one has suggested that substantial compliance has been achieved at Eckerd. For that reason, Defendants have not moved to terminate the decree as to that facility. Until such compliance is evident, the consent decree and the obligations it imposes on that institution will live on. In the wake of this order, therefore, Eckerd will remain subject to the consent decree notwithstanding the liberation of Dozier therefrom.

When substantial compliance is attained at Eckerd, Defendants are invited to submit a separate motion seeking termination of the decree in full. The Court hopes that this order will provide the officials responsible for Eckerd with adequate incentive to follow Dozier's lead and work diligently towards the substantial compliance goal.

[2.] Though this aside is nothing more than a statement of the utterly obvious, the Court emphasizes that this order must not be interpreted as saying that officials at Dozier—or any other facil-

order, the Court exercises its power to terminate the decree.

■ In this federal circuit, questions concerning a district court's authority to terminate a consent decree are governed by *United States v. City of Miami*, 2 F.3d 1497 (11th Cir.1993). Under *City of Miami*, this Court must first determine what was the basic purpose of the consent decree at issue. *Id.* at 1505. Here, there were two. As this Court has stated in a previous order,[3] the purposes of this consent decree were: (1) to redress asserted violations of 29 U.S.C. § 794, 42 U.S.C. § 1983, and the Fourteenth Amendment's Due Process and Equal Protection clauses; and (2) to establish a system of programs and services that would be designed to meet the needs of each juvenile enrollee so as to facilitate a successful reintegration into his community upon release.

Once the basic purpose of the consent decree has been determined, a court considering a motion to terminate must next focus its inquiry on whether that purpose has been achieved. *Id.* at 1508. *City of Miami* lists a number of factors that a court should consider in making this determination. *See id.* In the present case, however, a step-by-step analysis of those factors is unnecessary.[4] Here, the Plaintiffs forthrightly acknowledge that "Dozier is in substantial compliance with all constitutional, federal law, and decretal requirements" (doc. 537 at 1). The first asserted purpose of the decree was compliance with two specific federal laws and two aspects of the federal Constitution. Plaintiffs concede that no present violations exist. The second asserted purpose of the decree was the establishment of rehabilitative service programs. Plaintiffs concede that the state has substantially complied with these provisions at Dozier. Therefore, the only rational finding for this Court to make under the circumstances is that the two basic purposes of the decree have been achieved. Under the authority outlined in *City of Miami*, therefore, the Court orders that the consent decree shall be terminated as it applies to Dozier.

At the hearing on this motion and in their memorandum of law, Plaintiffs have raised two arguments which need to be addressed. First, they suggest that there is a crucial distinction between (1) what they referred to at the hearing as "terminating jurisdiction" over Dozier[5], and (2) what they referred to at the hearing as "dissolving the injunction".[6] Plaintiffs insist that the distinction they raise is substantive and not merely semantic. Although semantical sparring is part of the underlying disagreement between the parties,[7] the Court acknowledges that a substan-

---

ity—are permitted to re-adopt the unconstitutional practices that gave rise to this prolonged legal battle. The effect of this order is simply to loose Dozier from the terms of the consent decree. Nothing in this order, however, shields the State of Florida or its training school administrators from a continued obligation to conduct themselves in such a way as to ensure that no resident is subjected to unconstitutional treatment.

3. Order, January 19, 1995 (doc. 506) (Paul, C.J.).

4. Notwithstanding the fact that this Court views this footnote as unnecessary to its decision, in the interest of clarity and abundant caution, the Court will enumerate certain additional findings of fact. First, the Court finds that reports of the court-appointed monitors reveal that eight years of diligent effort at Dozier have resulted in substantial advances towards the goal of constitutionality. The goal of constitutionality has been met. In addition, the monitors' reports lead the Court to find that those in charge of Dozier have acted in good faith throughout the tenure of the consent decree. This good faith progress should be commended. Moreover, the Court finds that the monitors' reports indicate that these efforts have eliminated the vestiges of past discrimination.

The Court, in essence, finds that there is no future need for it to supervise those charged with administration of Dozier. The Court is satisfied that the record, the Plaintiffs' own representations, and the monitors' reports all lead it to the conclusion that there is no likelihood of future constitutional violations at Dozier.

5. Plaintiffs explained that "terminating jurisdiction" is equivalent to "withdrawing supervision" over Dozier, or "closing the case" as to the Dozier portion of the consent decree.

6. Plaintiffs explained that "dissolving the injunction" is equivalent to ordering that there is no more obligation for the defendants to comply with the decretal standards.

7. The Court notes that Defendants have requested that the Court "terminate the consent decree" as it pertains to Dozier (doc. 535 at 1), and Plaintiffs claim that this would be inappropriate. They, however, urge that the Court "terminate

tive dispute is raised in the course of this war of words.

The discomfort felt by Plaintiffs arises not from the way Defendants chose to word their motion but rather from the ultimate request contained within Defendants' requested relief: dismissal of the case with prejudice as it pertains to Dozier. In asking the Court to dismiss Dozier from the case with prejudice, Defendants argue that improvements in the facility merit complete removal of Dozier from the consent decree's application. And although they did not enunciate this position clearly, the Court understands the essence of Plaintiffs' contention to be an argument that dismissal with prejudice would be improper. Insofar as this is their position, Plaintiffs are incorrect.

■ Plaintiffs' position is that monitoring of Dozier by this Court's designated officials should cease, that payments of additional attorney fees to Plaintiffs' counsel for Dozier-related activity should cease, etc. They urge, however, that these activities should only be put on hold—i.e., that they should only be stopped *unless and until* some future violation occurs. In other words, Plaintiffs feel that the decree should remain as it currently exists—that Defendants should have a continued obligation to comply with the decree at Dozier—even though this Court's active supervision of Dozier's compliance with the decretal provisions would come to an end. The Court declines to follow this suggested approach; such a decision would,

in effect, leave a consent decree hovering over Dozier and its administrators even though there is universal agreement that its underlying purpose has been achieved.[8] The Court will not impose such a result on the State of Florida and its agents.

The Supreme Court has recently approved partial termination of a consent decree where a party is shown to have complied with some, but not all, aspects of the decree. In *Freeman v. Pitts*, 503 U.S. 467, 489–93, 112 S.Ct. 1430, 1445–46, 118 L.Ed.2d 108 (1992), the Supreme Court held that when a governmental defendant is "in compliance in some but not all areas [of the consent decree], the court in appropriate cases may return control to [the defendant] in those areas where compliance has been achieved, limiting further judicial supervision to operations that are not yet in full compliance with the court decree." The Court explained the logic and importance of granting district courts this discretion to terminate consent decrees in part when their purposes have been partially achieved. It said:

This discretion derives both from the constitutional authority which justified the intervention in the first instance and its ultimate objectives in formulating the decree. The authority of the court is invoked at the outset to remedy particular constitutional violations. In construing the remedial authority of the district courts, we have been guided by the principles that "judicial powers may be exercised only on the basis of a

[its] jurisdiction" over Dozier (doc. 537 at 1), without terminating the consent decree. Under the facts before the Court in this case, this is a distinction without a difference. *See* note 9, *infra*.

8. Plaintiffs seem to worry about the future potential for violations of the consent decree once Dozier is dismissed therefrom. This concern is unsupported and thus irrelevant to the present proceedings.

The mere potential for a future violation of constitutional rights at Dozier does not give this Court authority to continue invocation of its injunctive powers. Here, Defendants have eradicated all unconstitutional practices and conditions at Dozier. A lawsuit was filed; a consent decree was entered; its terms were met in full at Dozier; the case should therefore be closed as to that facility. No one placed in Dozier at the present time is suffering injury as a result of unconstitutional practices and conditions. In

the absence of a cognizable injury in fact based on federal law, Plaintiffs have no standing to maintain a lawsuit against these Defendants in this Court. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 101, 103 S.Ct. 1660, 1664, 75 L.Ed.2d 675 (1983). In addition, in that the potential "claim" is one for a violation of constitutional rights that may—or may not—occur in the future, such a concern is not yet ripe for adjudication. Because the suggested injury is speculative and may never occur, this Court must refrain from entertaining the claim on ripeness grounds. *See Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967), *overruled on other grounds,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

If any constitutional violations do surface, those who are injured thereby will obviously have standing to file a new lawsuit at that time.

constitutional violation," and that "the nature of the violation determines the scope of the remedy." [Cite omitted]. *A remedy is justifiable only insofar as it advances the ultimate objective of alleviating the initial constitutional violation.*

We have said that *the court's end purpose must be to remedy the violation and in addition to restore state and local authorities to control* of a ... system that is operating in compliance with the Constitution. [Cite omitted]. Partial relinquishment of judicial control, where justified by the facts of the case, can be an important and significant step in fulfilling the district court's duty to return the operations and control ... to local authorities.

*Id.*, 503 U.S. at 489, 112 S.Ct. at 1445 (emphasis added).

■ *Freeman v. Pitts* sets out a three-part test for determination of whether partial termination of a consent decree is appropriate. The Supreme Court instructed that partial termination of a consent decree would be appropriate where a court finds that: (1) there has been full and satisfactory compliance with the decree in those areas where the court's supervision will be withdrawn; (2) continued retention of judicial supervision is not necessary to facilitate achievement of compliance with the decree in the areas that will remain subject to the decretal terms; and (3) good faith has been shown to the whole of the decree. *Id.*, 503 U.S. at 491, 112 S.Ct. at 1446. Under this test, the Court finds that it would be appropriate, here, to terminate the consent decree as to Dozier.[9]

As has been indicated many times in this order, full compliance with the Constitution and federal law, and substantial compliance with the decree, has been achieved at Dozier. The Court also agrees with the Defendants' position that Dozier is independent from Eckerd in all pertinent respects and therefore it is not necessary to continue to subject Dozier to the decree in order to insure compliance therewith at Eckerd. Lastly, the Court finds that Defendants have displayed good faith in their efforts to carry out the whole of the decree; even though Eckerd has not yet reached substantial compliance, the record indicates that progress has been—and continues to be—made at that facility. Consistent with the holding in *Freeman*, therefore, the Court finds that partial termination of this consent decree is now warranted.

## CONCLUSION:

The Court refuses to continue to subject Dozier and its administrators to federal court

9. In *Freeman*, the Supreme Court utilized terminology indicating that the district court was "withdrawing supervision over" certain aspects of the decree, as opposed to "terminating the decree as to" certain institutions. This choice of terminology was dictated by the particular facts before the Supreme Court in that case. The Court believes that this distinction does nothing to render the holding of *Freeman* any less applicable to the situation before it on this motion, or to cast doubt on the Court's decision to dismiss Defendants with prejudice from this litigation.

At issue in *Freeman* was a two-decades old school desegregation consent decree. The decree there ordered one school board to take affirmative steps to rectify problems in six discreet areas of its operations. The Supreme Court upheld the district judge's decision to "withdraw supervision over" four of those six areas because of its finding that compliance with constitutional standards had been achieved in those areas. As a result of the district judge's order, the school board remained subject to the decree, but the court refrained from further monitoring of four of the six areas that had given rise to the decree. Thus, the phrase "withdraw supervision over" is appropriately used to achieve partial termination of a consent decree where there is a single institution named as a defendant in the lawsuit, and it has complied with a portion of its decretal obligations.

In the case before this Court, the consent decree orders two separate institutions to rectify problems in a number of areas of their operations. The Court has been convinced that one of these two institutions (Dozier) has done all that it has been told to do, and is thus in complete compliance with the decree and the law. Thus, the Court uses the phrase "terminate the decree as to Dozier"; it does so to achieve partial termination of the consent decree where one of the two institutions named as defendants in the lawsuit has complied with the sum of its decretal obligations.

While the terminology is different, the net effect is the same: the consent decree lives on as to portions of the decree's original scope, but full control is returned to local authorities as to the areas of the decree where constitutional compliance has been attained. *Freeman*, therefore, provides authority for "termination of the consent decree as to" Dozier, even though it did not use this precise terminology. *Freeman's* underlying rationale and policy compel this small extension of its literal holding.

scrutiny and supervision on grounds that substantial compliance has yet to be attained at Eckerd. There are no unconstitutional practices presently occurring at Dozier. Substantial compliance with the decree has been achieved. There is no reasonable basis on which to believe that future violations of federal law will likely occur. Accordingly, this Court feels compelled to return Dozier to the care and control of the State of Florida and Defendants.

The Supreme Court has given this Court a clear mandate to return control to local authorities upon a showing that the decree's purposes have been reached and no constitutional violations persist. That time has come.

It is hereby

**ORDERED AND ADJUDGED**

(1) Defendants' Motion to Terminate Consent Decree as to Dozier Training School and for Dismissal with Prejudice (doc. 535) is GRANTED. The consent decree is terminated insofar as it applies to Dozier.

(2) The consent decree remains in effect as it applies to the Eckerd Youth Development Center.

(3) The Clerk is directed to provide the court-appointed monitors with a copy of this order, and inform them that they are relieved of all responsibilities involved with the monitoring of Dozier.

(4) A number of related motions (docs. 482, 485, 505) are hereby declared MOOT.

**DONE AND ORDERED.**